IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,   3:18-cr-00010-HZ-06

        Plaintiff,   OPINION & ORDER

    v.

YUSNIEL PAEZ RODRIGUEZ,

        Defendant.

Julia Jarrett
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Robert R. Calo
Barnes & Thornburg, LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court for release to home confinement pursuant to U.S.C. § 3582(c)(1)(A). The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On October 15, 2019, Defendant pleaded guilty to bank fraud, identity theft, and money laundering offenses. Pet. & Order Entering Guilty Plea, ECF 246. The Court sentenced Defendant to fifty months imprisonment. J. & Commitment, ECF 280. Defendant has served fourteen months of this sentence, and his projected release date is November 10, 2022. Defendant is currently serving his sentence at FCI Sheridan.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States,* 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 37 years old. He asserts that he suffers from asthma, "a heart problem requiring daily medication due to low pulse and irregular heartbeat, and prediabetes." Def. Mot. 6, ECF 320. He argues that these serious medical conditions, combined with the growing pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence.

The Government argues that Defendant does not qualify for compassionate release because his asserted medical conditions are not supported by adequate documentation, are sufficiently managed by the Bureau of Prisons, and have not been shown to increase a person's risk for developing serious illness from COVID-19. The Government further argues that Defendant's release would create sentencing disparities between the co-defendants in this case and would present a danger to the community.

As a preliminary matter, the Court acknowledges that we are in the midst of a global health crisis. The Court also acknowledges that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life.[1] Nevertheless, the Court cannot find that Defendant has met his burden to show that extraordinary and compelling reasons exist to warrant a reduction of his sentence.

According to the CDC, older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.[2] These conditions include "serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies," and obesity.[3] The CDC has also identified conditions that *may* increase the risk for severe illness

---

[1] *Guidance for Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html (last updated July 22, 2020).

[2] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated June 25, 2020).

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Aug. 14, 2020).

from COVID-19.[4] These conditions include asthma (moderate-to-severe), hypertension or high blood pressure, and type 1 diabetes.[5]

Here, Defendant has not identified any conditions that appear on the CDC's list of conditions that are likely to increase the risk of severe illness from COVID-19. Moreover, many of his asserted medical conditions are not supported by adequate documentation. For example, neither asthma, prediabetes,[6] or a low pulse is supported by a documented diagnosis in his medical records. While Defendant reported concerns about his asthma and that he was having difficulty breathing at night, a medical provider concluded that his symptoms were consistent with allergies and recommended allergy medication. Gov. Ex. A at 47, ECF 340. Despite a note to follow up if symptoms did not improve, there is no evidence of any follow-up. *Id.* Defendant also denied any respiratory conditions when questioned about his medical history. *Id.* at 3, 8, and 13. Similarly, while Defendant reported a low pulse to medical providers, the Court sees no discussion or treatment of the issue in his medical records.

Defendant's medical records do, however, support his complaints of hypertension. As the Government acknowledges, in February 2020, medical staff diagnosed Defendant with hypertension, placed him on medication, assigned blood pressure checks, and recommended a

---

[4] *Id.*

[5] *Id.* Conditions listed as likely to increase the risk for severe illness from COVID-19 are supported by the "strongest and most consistent evidence," defined as "consistent evidence from multiple small studies or a strong association from a large study." *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last updated July 28, 2020). Conditions that may increase the risk for severe illness from COVID-19 are supported by mixed evidence, defined as "multiple studies that reached different conclusions about risk associated with a condition," or limited evidence, defined as "consistent evidence from a small number of studies." *Id.*

[6] Prediabetes is also not listed by the CDC as a condition that may increase the severity of COVID-19.

5 – OPINION & ORDER

cardiac diet for 90 days. *Id.* at 50. However, there is also evidence that Defendant's blood pressure measured within a normal range after he began taking medication. *See id.* at 26. As the Government argues, this suggests that Defendant's blood pressure appears to be well-managed. More significantly, hypertension is not listed by the CDC as a condition likely to increase the severity of COVID-19. Rather, according to the CDC, while there is a possibility that hypertension *may* increase the risk of severe illness due to COVID-19 the evidence is mixed.

Finally, the Court notes that FCI Sheridan appears relatively unaffected by the outbreak. As of August 25, 2020, with a population of 1,528 inmates, the facility has only two active cases and no deaths.[7] Given these facts, and that, at 37, Defendant is younger than the high-risk group identified by the CDC, the Court finds that Defendant has not established extraordinary and compelling reasons to warrant a release to home confinement.

The Court has also considered the sentencing factors in section 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A)(i), and the Government's argument as to whether Defendant is a danger to the community, *see* U.S.S.G. § 1B1.13(4). The Court is not persuaded by the Government's speculative argument that Defendant poses a threat to the public because "[a] person who ignores [] admonitions and rules could increase infection rates, leading to severe illness and death." Gov. Resp. 12. Nonetheless, Defendant has otherwise failed to show extraordinary and compelling reasons for his release, and the Court finds the section 3553(a) factors do not warrant a reduction in Defendant's sentence.

//

//

---

[7] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 25, 2020).

## CONCLUSION

The Court DENIES Defendant's Motion for Release to Home Confinement Pursuant to U.S.C. § 3582(c)(1)(A) [320] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: _____September 1, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER